Argued and submitted February 24, affirmed November 18, 1992

In the Matter of the Complying Status of
Chris McMurtry,
dba McMurtry Video Productions, Employer,
*and*

In the Matter of the Compensation of
Pierre R. Ferland, Claimant.

Pierre R. FERLAND,
*Petitioner,*

*v.*

McMURTRY VIDEO PRODUCTIONS,
Chris McMurtry, SAIF Corporation
and Department of Insurance and Finance,
*Respondents.*

(WCB 89-01238, 89-01239; CA A70403)

841 P2d 1200

Thomas M. Sheridan, Portland, argued the cause for petitioner. On the brief were Stafford J. Hazelett and Davis & Bostwick, Portland.

Todd A. Zilbert, Portland, argued the cause for respondents Murtry Video Productions and Chris McMurtry. With

him on the brief were Craig C. Murphy and Wood Tatum Wonacott & Landis, Portland.

Michael O. Whitty, Special Assistant Attorney General, Salem, waived appearance for SAIF Corporation and Department of Insurance and Finance.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that dismissed his appeal of an order of the Director of the Department of Insurance and Finance (DIF). The Board held that it did not have jurisdiction of the appeal. We affirm.

Claimant was injured while working as a cameraman for respondent McMurtry Video Productions (employer). He filed a claim with DIF, because employer was a noncomplying employer, ORS 656.054, and the claim was assigned to SAIF for processing. ORS 656.054(1). DIF issued a proposed order declaring that employer was a noncomplying employer. It requested a hearing before a Division referee. ORS 656.740(3). The referee issued an order declaring that claimant was a subject worker and that employer is a noncomplying employer. The referee rejected claimant's request for attorney's fees paid by employer. That order was a final order of DIF. ORS 656.740(4)(a).

Both employer and claimant appealed to the Board, but employer withdrew its appeal. The Board held that review of DIF's final order is only by the Court of Appeals under ORS 183.482 and that the Board did not have jurisdiction of claimant's appeal. We agree.

Unless an order declaring a person to be a noncomplying employer is contested at the same hearing as a matter concerning a claim, it is an order in a contested case, subject to judicial review under ORS 183.482. ORS 656.740(4)(c). The hearing before the referee on DIF's proposed order concerned only the status of employer. The hearing did not concern claimant's claim, which was being processed by SAIF under ORS 656.054(1). The Board properly dismissed claimant's appeal.

Affirmed.